IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 18-329 |
| | ) | |
| FARREN MASON | ) | |

**OPINION and ORDER ON MOTION TO REDUCE
SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)**

Presently before the court is Defendant Farren Mason's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A). ECF No. 39. The Government opposes Defendant's motion. ECF No. 41. For the reasons set forth below, Defendant's Motion will be denied without prejudice.

On May 14, 2019, Defendant entered a plea of guilty to attempting to possess heroin in violation of 21 U.S.C. SECTION 846. He was sentenced on September 5, 2019 to a period of 41 months' incarceration, to be followed by three years' supervised release.

Defendant is incarcerated at the Federal Correctional Institution at Morgantown, West Virginia. He seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), due to his susceptibility to the Covid-19 virus, his medical conditions, and his age. He requests that he be released to home confinement for the remainder of his sentence. Defendant is 61 years of age. His medical conditions, as reported in the Presentence Investigation Report and presented to the Court at sentencing by Defense counsel are: Crohn's Disease, Colon cancer (in remission), Neuropathies, Hypertension, Hip replacement surgery, and Surgery to remove kidney stones. Defendant specifically argues that his Crohn's Disease satisfies the "extraordinary and compelling reasons" standard under § 3582(c)(1)(A)(i), as elaborated by the Sentencing Commission in U.S.S.G. §

1B1.13.  He also argues that he is unable to protect himself from contracting COVID-19 because while incarcerated he is unable to adequately abide by the government's recommended practices and guidelines for protection.   Therefore, he also argues that the fact that COVID-19 has entered the prison and he is unable to adequately protect himself from contracting it, is, by itself, an appropriate extraordinary and compelling reason for his requested reduction in sentence and early release.

On April 9, 2020, Defendant submitted a request to the Warden at FCI-Morgantown for compassionate release due to extraordinary or compelling reasons.  ECF No. 39, at ¶ 6.  On April 27, 2020, the Warden denied Defendant's request for compassionate release.  Ex. A, attached to ECF No. 39.  In denying his request, the Warden stated that Defendant had not provided the minimum criteria for review; specifically, Defendant had not stated the extraordinary or compelling reasons for his release or presented a proposed release plan.  *Id.*  Defendant did not appeal the denial.

The government opposes Defendant's Motion both procedurally and substantively.  The government argues that the Motion is premature because Defendant has not exhausted his administrative appeals because he did not appeal the Warden's denial, nor has 30 days passed since the denial.

In *United States v. Raia*, No. 20-1033, 2020 WL 1647922 (3d Cir. Apr. 2, 2020), the United States Court of Appeals for the Third Circuit held that courts cannot consider requests for compassionate release under the First Step Act until a prisoner has exhausted his administrative remedies, including allowing 30 days for the Bureau of Prisons to respond to a request for release.   The Court cannot consider Defendant's request for compassionate release because he has not exhausted his administrative remedies as required under Section

3582(c)(1)(A).

Defendant will exhaust his administrative remedies pursuant to Section 3582(c)(1)(A) on May 27, 2020. After that date, Defendant may file a motion with the Court to reduce his term of imprisonment under 3582(c)(1).[1] Because Defendant has not exhausted his administrative remedies, the Court has no jurisdiction to consider his Motion on the merits at this time. Accordingly, the Court denies Defendant's Motion without prejudice to refile after he has exhausted his administrative remedies.

AND NOW, this 20th day of May, 2020, it is HEREBY ORDERED that Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A), ECF No. 39, is DENIED without prejudice.

BY THE COURT:

_____   5/20/20
Marilyn J. Horan
United States District Judge

---

[1] One of the purposes for requiring prisoners to exhaust their administrative remedies before bringing a claim in federal court is to give the BOP an opportunity to address the issue. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). The Warden's denial of Defendant's motion was because Defendant had failed to provide the Warden with the minimum criteria to allow the Warden to properly consider the request for compassionate release. Because the Bureau of Prison is in the best position to consider a request for compassionate release in the first instance, Defendant may instead choose to present to the Warden his extraordinary or compelling reasons for his release and his proposed release plan.