IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 18-329 |
| | ) | |
| FARREN MASON | ) | |

**OPINION and ORDER ON MOTION FOR
RECONSIDERATION OF MOTION TO REDUCE
SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)**

On May 7, 2020, Defendant Farren Mason filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A).  ECF No. 39.  The Court denied the Motion on May 20, 2020, without prejudice to refile after Mr. Mason had exhausted his administrative remedies.  ECF No. 42.  Now pending before the Court is Farren Mason's Motion for Reconsideration of Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A).  ECF No. 43.  Mr. Mason seeks compassionate release for "extraordinary and compelling reasons" pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), due to his susceptibility to the COVID-19 virus, his medical conditions, his age, and the increased risk of complications should he contract the virus.  The Government filed a Response to the Motion for Reconsideration, arguing that no grounds exist to support the Court's "reconsideration" of Mr. Mason's prior Motion to Reduce Sentence.  ECF No. 44.  Alternatively, on the merits of the Motion to Reduce Sentence, the government relies on its comprehensive Response in Opposition to Defendant's initial Motion to Reduce Sentence.  ECF No. 41.  The Court finds that jurisdiction over the Motion to Reduce Sentence now exists.  Furthermore, for the reasons set forth below, the Motion to Reduce Sentence will be denied.

**I.     Exhaustion of Administrative Remedies**

Pursuant to section 3582(c)(1)(A) a defendant may bring a compassionate release motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring the motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Warden denied Defendant's request for compassionate release on April 27, 2020. The instant Motion was filed on June 1, 2020, which is more than 30 days from April 27, 2020. Although Mr. Mason's Motion is styled as one for "reconsideration," it is apparent that he is merely refiling his original Motion in accord with this Court's pronouncement that the Defendant "will exhaust his administrative remedies pursuant to Section 3582(c)(1)(A) on May 27, 2020." ECF No. 42, at 3. The Government acknowledges that "since thirty days has passed since Mason filed his compassionate request, it is the government's position that Mason has now satisfied the exhaustion requirement". ECF No. 44, at 2. Therefore, Defendant has exhausted his administrative remedies and the Court has jurisdiction over Defendant's Motion. *See United States v. Somerville*, Cr. No. 12-225, Opinion, May 29, 2020, at 5-7, ECF No. 93.

**II.    Background**

On May 14, 2019, Defendant entered a plea of guilty to Attempt to Possess with Intent to Distribute a quantity of Heroin, in violation of 21 U.S.C. § 846. He was sentenced on September 5, 2019 to a period of 41 months' imprisonment, to be followed by 3 years' supervised release. Defendant is incarcerated at the Federal Correctional Institution at Morgantown, West Virginia. According to the Bureau of Prisons, his expected release date is November 4, 2021, therefore he has approximately 16 months remaining on his sentence.

Mr. Mason is 61 years of age. His medical conditions, as reported in the Presentence Investigation Report, and as argued by defense, and as considered by the court at sentencing included Crohn's disease, colon cancer (in remission), neuropathies, hypertension, hip replacement surgery, and surgery to remove kidney stones. He also indicates that he is currently experiencing hip deterioration which requires surgery. He states that, under his present conditions of confinement at FCI-Morgantown, he is unable to take appropriate recommended Centers for Disease Control COVID-19 virus risk reduction and prevention self-care measures. As such, he requests that he be released to home-confinement at his residence, which he owns with his wife, for the remainder of his sentence[1]. He states that he is a good candidate for home confinement, because he is not a sex offender, his crime of conviction did not involve violence or terrorism, he has no criminal history of violence or terrorism, he is not subject to any detainer, he has had no incident reports while incarcerated, he is a United States citizen, and he would be living at home with his wife. Mr. Mason argues that sentencing factors under 18 U.S.C. § 3553(a), also support his release to home detention. He asserts that, as stated in the Presentence Investigation Report, he is not a danger to the community. As such, he argues that his age and reported medical conditions, in combination with his incarceration, put him at an increased risk of contracting the COVID-19 virus and expose him to greater complications should he contract said virus.

The government maintains that none of Mr. Mason's medical conditions, either alone or in combination, qualify as serious medical or health condition or conditions that substantially reduce his ability to provide self-care in prison or significantly increase his risk of major

---

[1] Assuming a reduction in sentence is warranted to accomplish the request for home confinement the court may "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."  18 U.S.C. § 3582(c)(1)(A).

complications from COVID-19. ECF No, 41, at 10, 11-13 (citing 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 & app. N. 1; and Bureau of Prisons, Program Statement 5050.50 (Jan. 17, 2019). The government argues that, even if Mr. Mason qualified for compassionate release, the section 3553(a) factors, Mr. Mason's criminal record, and the crime for which he is currently incarcerated do not favor release.

### III.    Analysis

#### A.    Applicable Law

The First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), provides, in relevant part:

> **(c) Modification of an Imposed Term of Imprisonment.** —The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case—
>
> **(A)** the court, . . . upon motion of the defendant . . .may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction; . . .

18 U.S.C. § 3582(c)(1)(A)(i).[2]

The First Step Act directs analysis, for extraordinary and compelling reasons, to the Sentencing Commission's applicable policy statement, which provides in relevant part that, after considering the section 3553(a) factors, the court may reduce a term of imprisonment if it determines that--

---

[2] Not applicable to Mr. Mason, the First Step Act permits a reduction of imprisonment if "**(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii).

(1)    (A) Extraordinary and compelling reasons warrant the reduction; . . . .[3]

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S.S.G. §1B1.13 (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)).

The Sentencing Commission Commentary to the Policy Statement describes medical circumstances that qualify as "extraordinary and compelling". U.S.S.G. § 1B1.13, comment (n.1(A)). Mr. Mason does not meet any of these medical parameters.[4] The Commentary, at subsection (D), provides a catch-all provision, permitting release where there exists an extraordinary and compelling reason other than, or in combination with, the reasons set forth within the other Commentary sections. U.S.S.G. § 1B1.13, comment (n.1(D)).

### B. Discussion

#### 1. Section 3553(a) Factors

Pursuant to the Sentencing Commission's Policy Statement, before reducing a defendant's sentence the court must first consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. U.S.S.G. § 1B1.13, p.s. Upon review of these factors, this

---

[3] As with the First Step Act, the Sentencing Commission's policy statement also includes a section, not relevant here, permitting a reduction where the defendant is at least 70 years old. U.S.S.G. §1B1.13(1)(B).

[4] Identified medical circumstances are: that the defendant is suffering from a terminal illness; that the defendant is suffering from a serious physical or medical condition; that the defendant has a serious functional or cognitive impairment; or that the defendant's deteriorating physical or mental health, due to aging, substantially diminishes his ability for self-care. U.S.S.G. § 1B1.13, comment (n.1(A)). Said Commentary, at Subsection (B), provides that extraordinary and compelling reasons exist where the defendant is at least 65 years of age, has served at least 10 years or 75 percent of his term of imprisonment, and the defendant is experiencing a serious deterioration in physical or mental health due to aging,. U.S.S.G. § 1B1.13, comment (n.1(B)). Subsection (C) concerns family circumstances not applicable in this case. U.S.S.G. § 1B1.13, comment (n.1(C)).

Court concludes that a sentence reduction is not appropriate.  The Court sentenced Mr. Mason to 41 months' imprisonment, which was the low end of the guideline range, considering his Adjusted Offense Level and Criminal History category.  His offense of conviction was serious, drug distribution.  Moreover, this was not his first conviction for drug trafficking.  In 2007, he was convicted in this District, at Criminal No. 07-379, of three counts of Possession with Intent to Distribute and Distribution of crack cocaine.  He was sentenced to 57 months' imprisonment.  At his September 5, 2019 sentencing, this Court was well aware of Mr. Mason's health and medical conditions cited in his Motion. As noted above, such conditions were reported in the Presentence Investigation Report.  In addition, his defense counsel requested a variance from the guideline range based on Mr. Mason's age, health and medical conditions.  The only present factor that was not existing at sentencing is the COVID-19 pandemic.  This virus presents serious concerns, which are being considered in deciding this Motion.  Present consideration of Section 3553(a) factors continues to support the original sentence in this case.  Thus, where all other claimed bases asserted to support Mr. Mason's Motion were carefully assessed at the time of original sentencing, and where a present Section 3553 factor analysis continues to favor incarceration according to the original sentence, reduction of his sentence is not appropriate.

2. **Extraordinary and Compelling Reasons**

In addition to considering section 3553(a) sentencing factors, Mr. Mason must also demonstrate "extraordinary and compelling reasons" for compassionate release.  As discussed above, the Sentencing Commission Commentary to the Policy Statement describes medical circumstances that qualify as "extraordinary and compelling".  U.S.S.G. § 1B1.13, comment (n.1(A)).  Under such circumstances, he has not demonstrated "extraordinary and compelling reasons."  He does not have a terminal illness.  Mr. Mason argues that his Crohn's disease

6

satisfies the "extraordinary and compelling reasons" standard under § 3582(c)(1)(A)(i), as elaborated by the Sentencing Commission in U.S.S.G. § 1B1.13, because it places him at higher risk for complications should he contract the virus.  However, he does not offer documentation to support that Crohn's disease increases susceptibility to contract COVID-19 or that it increases risks or severity of symptoms if the virus is contracted.  In fact, "[t]he overall available evidence suggests that IBD patients [which includes patients with Crohn's disease] do not have an increased risk of developing Covid-19 . . . ."  "*Are Patients with Inflammatory Bowel Disease at Increased Risk for Covid-19 Infection*?" Journal of Crohn's and Colitis, 2020, at 2, Monteleone, G. and Ardizzone S. (Mar. 26. 2020).[5]  In addition, some of the medications commonly used by patients with Crohn's disease "could be beneficial not only for dampening the ongoing mucosal inflammation but also for preventing Covid-19-driven pneumonia." *Id*.  Mr. Mason's hypertension is also not a condition that increases his risk of major complications from COVID-19, or that predisposes him to more readily contract the virus.[6]  The same applies to his 2005 cancer (in remission).  Thus, he does not present a medical condition that substantially diminishes his ability to provide self-care within a correctional environment.  Further, at age 61, Mr. Mason *may* be at a higher risk of severe illness should he contract the virus.[7]  However, he is

---

[5]  Available online at https://academic.oup.com/ecco-jcc/article/doi/10.1093/ecco-jcc/jjaa061/5811674

[6]  The CDC indicates that persons with hypertension "might be at an increased risk for severe illness from COVID-19."
https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html
However, the CDC's statement is based on "mixed evidence."
https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html

[7]  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (persons over age 65 are at high-risk for severe illness from COVID-19).  Yale School of Medicine https://medicine.yale.edu/news-article/23180/ (persons over age 60).

less than the designated over age 65 at-risk category for COVID-19; thus, his age alone does not justify his requested release. As such, he does not qualify under the age provisions, nor does he present any family circumstances to warrant a sentence reduction under the Guideline Commentary for extraordinary and compelling reasons.

The catchall, "other reasons" from the Sentencing Guidelines Commentary, USSG 1B1.13, comment (n1.(D)), does not justify Mr. Mason's release.  First, he argues that he cannot protect himself from contracting COVID-19, because, while incarcerated, he is not able to adequately abide by the government's recommended practices and guidelines for protection.  He asserts that COVID-19 has entered some Bureau of Prisons' facilities and that it will inevitably reach FCI-Morgantown.[8]  He argues that, because he is unable to adequately protect himself from contracting the virus, his circumstances constitute appropriate extraordinary and compelling reasons for his requested reduction in sentence.  The Court recognizes and considers the potential for Mr. Mason's exposure to the COVID-19 virus at FCI-Morgantown.  Unfortunately, that potential exists anywhere in society.  As explained by the government in its response, the Bureau of Prisons is taking the necessary steps and precautions to protect inmates from the spread of the COVID-19 virus.  The Court is sympathetic to Mr. Mason's concerns about potential complications caused by COVID-19, given his age, health, and medical conditions, as well as his concern for possible exposure to affected individuals.  However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).  When considering all circumstances impacting Mr. Mason, even

---

[8]  As of July 17, 2020, there are no reported cases of COVID-19 at FCI-Morgantown.  *See* https://www.bop.gov/coronavirus/

in combination, such do not constitute extraordinary or compelling reasons for compassionate release to home confinement.

Finally, Mr. Mason specifically asks the Court to consider that his medical comorbidities, his age, COVID-19 risk factors, and his incarcerated status establish extraordinary and compelling reasons for his release.  ECF No. 43, at ¶ 7.  There is no indication that Mr. Mason's medical needs are not being addressed at FCI-Morgantown.  The Commentary under the Sentencing Guidelines does not support reducing Mr. Mason's sentence.  His circumstances, including consideration of COVID-19, do not establish sufficient 'other reasons' to find extraordinary and compelling reasons, as contemplated under the First Step Act and the Sentencing Guidelines.

Accordingly, the Court denies Defendant's Motion.

AND NOW, this 17th day of July, 2020, it is HEREBY ORDERED that Defendant's Motion for Reconsideration of Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A), ECF No. 43, is DENIED.

BY THE COURT:

Marilyn J. Horan
United States District Judge